UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TYRONE NEAL, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>LAKE COUNTY COURTS, *et al.*, )<br>   Defendants. ) | CAUSE NO.: 2:22-CV-1-JVB-JPK |

## OPINION AND ORDER

Tyrone Neal, a prisoner without a lawyer, filed an amended complaint against four defendants. (ECF 3). A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Mr. Neal alleges that on April 18, 1995, Judges Lesenger and Page sentenced him to 23 years of incarceration for a Class C felony in Case No. 45G02-9410-CF-000272, that carried a sentence of only two to eight years. (ECF 3 at 2). He states he served 11 years in jail and 12 years on probation. *Id*. After his release, Mr. Neal's probation supervision was transferred to the State of Minnesota. *Id*. While Mr. Neal was on probation in Minnesota, the Lake County, Indiana Probation Department filed a petition to revoke his probation. *Id*. Mr. Neal asserts he was subsequently arrested, and his probation was revoked in April 2021, when he was returning to Indiana to see his sister, who was sick and ended up passing away. *Id.* at 3. Mr. Neal alleges

that Lake County filed the petition to revoke his probation because probation officials did not know where he was located even though they had his Minnesota address. *Id*. at 2.

Mr. Neal further avers that he did not understand any of the court proceedings pertaining to his criminal trial. *Id*. He states he should not have been required to stand trial without a competency hearing because he suffers from a mental and learning disability, cannot read and write, and has only a third grade education. *Id*. His family has hired an attorney to find out why his sentence was so long. *Id*.

Mr. Neal cannot proceed against the defendants he has named in this case. First, he has sued the Lake County Courts, but under Indiana law, a superior court is not an entity that has the capacity to sue or be sued. *See* Ind. Code § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Next, he has sued the Lake County Probation Department. He has not named any individual employed by the probation department, and the department is not liable for the actions of its employees. There is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, he cannot proceed against these two defendants.[1]

Lastly, under 42 U.S.C. § 1983, Mr. Neal cannot sue Judges Lesenger and Page. They are immune from suit because "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he

---

[1] If Mr. Neal had explicitly named the probation officer responsible for filing the petition to revoke his probation, he would not be able to proceed against that individual because "filing requests for revocation are not violations of section 1983; they are the job description for the often thankless job of probation officer. Moreover, in filing any memoranda requesting that the state's attorney begin proceedings to revoke probation, [the defendant] was engaged in a quasi-judicial function for which she is protected by absolute immunity." *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018).

2

has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Mr. Neal cannot proceed against Judges Lesenger and Page.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on June 30, 2022.

> s/ Joseph S. Van Bokkelen
> JOSEPH S. VAN BOKKELEN, JUDGE
> UNITED STATES DISTRICT COURT